NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 25A0344N.06

Case No. 24-2114

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jul 15, 2025

KELLY L. STEPHENS, Clerk

| | |
|---|---|
| TANYA CHAPMAN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN<br><br>OPINION |

Before:  BATCHELDER, CLAY, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Tanya Chapman filed an application with the Social Security Administration (SSA), seeking disability insurance benefits and supplemental security income.  When the claims were denied, Chapman sought and obtained a hearing before an administrative law judge (ALJ), at which she was represented by counsel.

Following the hearing, the ALJ issued a written decision (14 single-spaced pages), in which he painstakingly described the evidence and the governing law, made factual findings, applied the law to those facts, and determined that Chapman was not disabled under the Social Security Act, and therefore not entitled to benefits.  By regulation, the ALJ "must base the decision on the preponderance of the evidence," 20 C.F.R. § 404.953 & § 416.1453, and it is clear from the opinion (from any and every part of the 14-page decision) that the ALJ did so in this case.  But the opinion contains no *express statement* that the findings and decisions are based on a preponderance of the evidence; in fact, it does not mention the preponderance-of-the-evidence standard at all.

After the SSA Appeals Council denied a request for review, Chapman filed suit in the district court, pursuant to 42 U.S.C. § 405(g), raising a single claim: namely, that the ALJ's

findings of fact and the associated decisions in his opinion are all invalid because "not one of them expressly states that the finding is based upon a preponderance of the evidence." *Chapman v. Comm'r of Soc. Sec.*, No. 1:23-cv-941, 2024 WL 4579085, at *3 (W.D. Mich. Oct. 25, 2024). The district court set out the law for judicial review of an ALJ's decision, summarized the substance of the ALJ's decision, and rejected the claim. After pointing out that Chapman had cited no law to support the claim, *id*. ("Plaintiff does not cite any regulation which requires the ALJ to 'declare that the evidence preponderates' or requires the ALJ to 'provide analysis as to how the evidence preponderates in favor of each finding made.'"), it explained that there is "no law or regulation [that] requires that the ALJ *expressly state* that its decision was based on the preponderance of the evidence," *id*. (quotation marks and editorial marks omitted; emphasis added) (quoting *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 n.2 (7th Cir. 2023)). The court determined that the ALJ's findings were supported by substantial evidence, and affirmed. *Id*.

In this appeal, Chapman—still represented by the same counsel—raises the exact same claim, without elaboration or any attempt to address the district court's assessment. She does not address, or even acknowledge, *Martinez*, 71 F.4th at 1079 n.2. She simply insists, again without any legal support, that: "The regulation required that the written decision be *expressly* based upon the preponderance of the evidence." Apt. Br. at 24-25 (emphasis added). But, as the Seventh Circuit recognized in *Martinez*, the regulation does not require that. No law requires that. And, as in *Martinez*, "it is clear to us, given the context," that the ALJ in this case found by a preponderance of the evidence that "the weight of the evidence did not support [Chapman's] claims." *See id.* (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

We AFFIRM the judgment of the district court.